IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                Plaintiff,

v.                                            ORDER

JOANNE BOVEE, MICHAEL PATTEN,                19-cv-427-jdp
and TEISHA SHAWLEY,

                Defendants.[1]

---

Pro se plaintiff Robert Earl Alexander filed this civil action under 42 U.S.C. § 1983 against prison staff at Dodge Correctional Institution, alleging that they violated his constitutional rights by confiscating two of his books for exceeding the allowable size limit under prison rules. Defendants filed a motion to dismiss the case or transfer it to the Eastern District of Wisconsin under 28 U.S.C. § 1406(a). Dkt. 26.

Under the venue statute, 28 U.S.C. § 1391(b), venue over a civil lawsuit is proper only in: (1) a judicial district where any defendant resides, if all defendants are residents of the state in which that district is located; (2) a judicial district in which a substantial part of the event or omissions giving rise to the claim occurred; or (3) if neither of these conditions are met, any judicial district in which any defendant is subject to the court's personal jurisdiction.

Defendants contend that venue isn't proper in the Western District of Wisconsin because Dodge Correctional Institution is in the Eastern District of Wisconsin.[2] They argue

---

[1] I have updated the caption to reflect defendants' names as reflected in their answer, Dkt. 25.

[2] Defendants say that I can take judicial notice the Waupun is in Fond du Lac County. Actually, Waupun is only partly in Fond du Lac County. Dodge Correctional Institution is in Dodge County. But Dodge County is also in the Eastern District of Wisconsin, so that error does not

that because defendants "are alleged to work at Dodge Correctional Institution" and the events giving rise to this case occurred there, venue in this district is improper. Dkt. 26, at 2. But defendants provide no information about where they reside, so the court cannot determine whether venue in this district might be proper under 28 U.S.C. § 1391(b)(1). Dodge Correctional Institution is close to the boundary between the Eastern District and the Western District, so I cannot rule out the possibility that one or more defendant in this case resides in the Western District. Defendants haven't met their burden of demonstrating that venue in this district is improper, so their motion is denied.

I'll also note that Waupun is about the same distance from Madison as it is from Milwaukee, so no one is inconvenienced by keeping this case in this court, where Alexander already has other cases pending.

ORDER

IT IS ORDERED that defendants' motion to transfer this case to the Eastern District of Wisconsin, Dkt. 26, is DENIED.

Entered June 1, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

---

affect the outcome.