IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                Plaintiff,

  v.                                               OPINION and ORDER

TEISHA SHAWLEY, JOANNE BOVEE,                      19-cv-427-jdp
and MICHAEL PATTEN

                Defendants.

---

Plaintiff Robert Earl Alexander contends that prison officials at Dodge Correctional Institution (DCI) deprived him of two books in violation of his First Amendment rights. Dkt. 1. The defendants are Teisha Shawley, DCI's mail and property sergeant, and Joanne Bovee and Michael Patten, DCI institution complaint examiners (ICE). Defendants move for summary judgment based on Alexander's failure to exhaust his administrative remedies. Dkt. 47. Alexander did not respond to defendant's motion. Accepting defendants' evidence as undisputed, I conclude that Alexander has failed to exhaust his administrative remedies and will dismiss the case without prejudice.

UNDISPUTED FACTS

I draw the following facts from the court's screening order, Dkt. 21, and defendants' summary judgment materials, Dkts. 47–49.

Alexander contends that in February 2019, defendant Shawley and a corrections officer came to his cell and told him that he wouldn't be given three books that he had ordered. They explained that one of the books, *Oxford Atlas of the World*, exceeded DCI's 11-inch by 14-inch

size limit, and that he already had the allowable limit of 25 personal books in his cell and could not have any more.

Alexander filed an inmate complaint about the denial of his books. Dkt. 49-2. He asserted that he should be able to keep *Oxford Atlas of the World* because he had been permitted to have an even larger book, *Cosmos*, for several years. He also asserted that he didn't have 25 personal books in his cell. Defendants Bovee and Patten went to Alexander's cell to count and measure his books. They determined that he had only 23 personal books, so they gave him the two smaller books that he had ordered. They confiscated *Cosmos* for exceeding the size limit and maintained that he couldn't keep *Oxford Atlas of the World*.

Following her investigation, Bovee recommended that Alexander's complaint be dismissed. *Id.* The decision noted that Alexander had been given the allowable books, and he had been instructed to notify staff about how he would like to dispose of *Cosmos* and *Oxford Atlas of the World* within 30 days. Alexander appealed the decision to the reviewing authority. The reviewing authority accepted Bovee's recommendation and dismissed the complaint. *Id.*

Alexander appealed the dismissal to the corrections complaint examiner (CCE). The CCE recommended rejecting the appeal because the document Alexander submitted was eight pages long and exceeded the allowable length limit. The decision quoted Wisconsin Administrative Code § DOC 310.09(2)(e), which says that appeals must "not exceed 500 words and not exceed two pages." *Id.* Alexander appealed to the Office of the Secretary, which affirmed the dismissal of the appeal as too long.

Before his first complaint was dismissed, Alexander filed a second complaint asserting that *Cosmos* should not have been confiscated from him. Dkt. 49-3. Bovee rejected the complaint, stating that the issue had been addressed through Alexander's prior complaint and

use of the complaint system. Alexander had ten days to appeal Bovee's rejection to the reviewing authority, but he appealed 21 days later. The reviewing authority rejected the appeal as untimely. Alexander did not appeal the decision. Dkt. 49, ¶ 17.

ANALYSIS

Defendants contend that Alexander's inmate complaints failed to exhaust his administrative remedies. Alexander did not respond to defendants' summary judgment motion, so I will accept defendants' evidence as undisputed, *House v. Derouin*, No. 19-cv-1061-jdp, 2020 WL 6384197, at *1 (W.D. Wis. Oct. 30, 2020), but defendants still have the burden to show that summary judgment is appropriate, *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and failure to exhaust requires dismissal of a prisoner's case. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

To exhaust administrative remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This means that a prisoner must properly take each step within the administrative process and adhere precisely to the rules. *Id*. at 1024; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). If prison administrators explicitly reply on a procedural shortcoming, such as failure to follow deadlines, in rejecting a prisoner's complaint or appeal,

3

the plaintiff has failed to exhaust. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (quoting *Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005)).

The Wisconsin Department of Corrections reviews inmate grievances through a four-step process, the Inmate Complaint Review System. *See* Wis. Admin. Code Ch. DOC § 310. Alexander did not follow the rules that applied to his appeals of the decisions against him. Prison officials, therefore, rejected both complaints for procedural shortcomings.

Alexander's first complaint was filed correctly and decided on the merits at the institutional level. But the CCE and the Office of the Secretary dismissed his appeal because it was eight pages long and exceeded the 500-word, two-page limit required under DOC's administrative rules. *See Jackson v. Dressler*, No. 19-cv-366-bbc, 2020 WL 3100227, at *2 (W.D. Wis. June 11, 2020) (concluding that plaintiff failed to exhaust where the ICE rejected his complaint as non-compliant with the required format, including 500-word and two-page limitations).

Alexander's second complaint initially was rejected because his allegations had already been addressed. But he appealed to the reviewing authority 11 days late, and the appeal was rejected as untimely. Alexander did not appeal the decision. *See Dickerson v. Johnson*, No. 19-cv-470, 2020 WL 4583657, at *4 (E.D. Wis. Aug. 10, 2020) (concluding that plaintiff failed to exhaust where the reviewing authority rejected his appeal of an ICE dismissal as untimely). The bottom line is that a prisoner must strictly follow procedures at each step of a prison's inmate complaint process to exhaust his administrative remedies. But by filing one appeal that was too long and another appeal that was too late, Alexander failed to comply with the rules.

Because Alexander did not properly exhaust his administrative remedies, I will grant defendants' motion for summary judgment and dismiss this case without prejudice. *Ford v.*

*Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). Alexander could refile the claims if he were to successfully exhaust them, but he will likely find it impossible to file a proper grievance because the relevant events happened so long ago.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on exhaustion grounds, Dkt. 47, is GRANTED.

2. This case is DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment for defendants and close the case.

Entered March 3, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge